IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **4:20CR3008** |
| vs. | **FINDINGS, RECOMMENDATION, AND ORDER** |
| ALEX DUNTE GREEN, | |
| Defendant. | |

Defendant Alex Dunte Green has filed a motion to suppress (Filing No. 31) and a motion for an order requiring the government to disclose the identity of a confidential informant ("CI"), (Filing No. 35). Defendant Green was a passenger in a vehicle driven by Tiffany Beyer, and he was arrested when he and Beyer arrived at a Lincoln location to allegedly sell cocaine to the CI. Defendant Green seeks the identity of the CI, claiming the CI is necessary to his defense.

He further moves to suppress all evidence found in the vehicle at the time of his arrest, arguing: 1) his Fourth Amendment rights were violated because officers of the Lincoln, Nebraska police department violated Nebraska law by conducting surveillance of the defendant in Omaha, Nebraska, and by not immediately arresting the defendant on outstanding warrants; 2) the officers' violation of Nebraska law, and their alleged excessive and over-aggressive manner of arresting the defendant supports suppression of evidence under the court's "general supervisory powers;" and 3) the arresting officers were not aware of facts supporting probable cause to order Defendant Green out of the vehicle and detain him.

For the reasons stated below, Defendant Green's motions will be denied without a hearing.

## RECITATION OF FACTS

For the purposes of Defendant Green's motions, the court assumes all facts in his brief are true. Defendant states:

On June 2, 2019, a CI reported to LPD that Defendant Green and a woman named "Tiffany" had offered to sell a kilo of cocaine to the CI. Defendant Green was the subject of three bench warrants dated May 12, 2019 and issued by the District Court of Lancaster County for failure to pay child support.

LPD Investigator Koepke told the CI to delay any arrangements to buy cocaine for a day. On the following day, June 3, 2019, Investigator Koepke asked the CI to disclose the location of Beyer and Defendant Green. The CI's response indicated Beyer and Defendant Green were at a Super 8 motel at or near 71st and Spring Street in Omaha, Nebraska. Investigator Koepke asked the CI to arrange the cocaine purchase for later in the day, around 3:00 p.m., on June 3, 2020.

At 11:00 a.m., six LPD officers travelled to Omaha in search of Beyer and Defendant Green. Investigators Dalton and Redlin remained in Lincoln to participate in the CI's communications with Beyer and Defendant Green.

Consistent with the CI's statement, the LPD officers who travelled to Omaha found Beyer and Defendant Green at the Super 8 motel. They conducted surveillance and saw Beyer driving a maroon Hyundai, parking at the Super 8

motel, and entering a room. Based on their investigation, the officers later found that the Hyundai was rented by Tiffany Beyer.

Shortly after noon, in the presence of Investigators Dalton and Redlin, the CI sent a text message to Beyer stating the CI was prepared to move forward with the drug transaction. Beyer responded with a text asking whether the CI was en route to Omaha.

Between approximately 3:30 p.m. and 4:15 p.m., the CI and Beyer exchanged text messages, eventually changing the location of the drug sale to a location in Lincoln, Nebraska. At about 4:30 p.m., the LPD officers conducting surveillance in Omaha saw Beyer and Defendant Green exit the Super 8 motel, with Beyer carrying a backpack, and get into the maroon Hyundai. The vehicle stopped at a gas station and then drove on to Lincoln. The Nebraska State Patrol Air Wing monitored the Hyundai's movement as it drove to Lincoln.

At about 4:45 p.m., the CI sent a text to Beyer stating she would be at the Motel 6 near the 27th Street interstate exit in Lincoln. At 5:24 p.m., Beyer texted the CI to meet her at 14th and Superior Streets. Shortly thereafter, the Hyundai was observed exiting the interstate and travelling to an apartment complex near that intersection. LPD officers saw Defendant Green exit the vehicle, enter an apartment building, and then return to the Hyundai.

At 6:05 p.m., the CI texted Beyer to meet at the Walgreens at 14th and Superior Streets. The officers watched as Beyer drove the Hyundai into the Walgreens parking lot. Defendant Green was a passenger. When the vehicle parked, LPD officers in ballistics gear "storm[ed] towards the Hyundai, guns drawn, and yelling at Tiffany and Mr. Green to get out of the car and get down on the ground." (Filing No. 32, at CM/ECF p. 3). Beyer and Green were detained.

3

Beyer admitted there was a marijuana blunt in the Hyundai. The officers searched the car and its contents. They found cocaine in the backpack Beyer had placed in the vehicle before leaving Omaha.

Defendant Green was arrested pursuant to the outstanding bench warrants.

ANALYSIS

Motion to Suppress
([Filing No. 31](Filing No. 31))

Defendant Green moves for an order suppressing all evidence obtained from him as a result of the search and seizure of a motor vehicle he occupied on June 3, 2019. He argues the law enforcement officers failed to comply with state law, were overly and unnecessarily aggressive during his arrest, and the arresting officers lacked probable cause to arrest him. He seeks suppression pursuant to the general supervisory powers of the court and based on the Fourth Amendment.

1)    Violation of Nebraska Law and Lancaster County Warrants.

Defendant Green argues that LPD officers violated Nebraska law when they conducted surveillance in Omaha which is beyond their geographical jurisdiction. He further claims the officers failed to comply with Nebraska law and the state arrest warrants when, upon seeing Defendant Green, they did not arrest him "forthwith."

When seeking suppression of evidence in a federal criminal case, an evidentiary hearing is unnecessary unless the defendant first makes a colorable

argument that his constitutional rights were violated. United States v. Bell, 54 F.3d 502, 504 (8th Cir.1995) ("[W]hen a federal court must decide whether to exclude evidence obtained through an arrest, search, or seizure by state officers, the appropriate inquiry is whether the arrest, search, or seizure violated the Federal Constitution, not whether the arrest, search, or seizure violated state law."); see also Oglesby v. Lesan, 929 F.3d 526, 533-34 (8th Cir. 2019).

Here, Defendant Green argues LPD officers unlawfully conducted surveillance of him in Omaha, beyond their geographical jurisdiction. Even assuming for the purposes of argument that the LPD officers were not authorized to conduct surveillance in Omaha, based on the defendant's own recitation of the facts, while in Omaha, the LPD officers did not contact Defendant Green, speak with him, enter his motel room or vehicle, or impede his movements or travel in any way. In other words, they did not stop of detain the defendant, search or seize his person or property, or interrogate him. The LPD officers merely watched his movements in public. Such conduct does not violate the Constitution. The officers' surveillance of Defendant Green in Omaha provides no basis for suppressing evidence of what they saw or the fruits of those observations.[1]

As to the timing of Defendant Green's arrest, it is unclear when Green believes he should have been arrested. If the court assumes the LPD officers did not have jurisdiction to watch Defendant Green's public movements in Omaha, then it must also assume the officers lacked jurisdiction to arrest him there.

---

[1] The court can take judicial notice, without a hearing, of another court's orders—in this case the state bench warrants. To reach my decision in this case, I need not and do not decide whether the court can also take judicial notice of Special Deputization Certificates signed by Nebraska's governor, (Filing Nos. 40-1 through 40-4). I have not considered those documents.

Thus, Defendant Green appears to believe that he should have been arrested when he exited the vehicle to enter an apartment complex in Lincoln, Nebraska. He argues that the officers violated the Lancaster District Court's order by failing to immediately arrest Defendant Green when they found him in Lincoln. The warrants order:

> [Y]ou are commanded to take ALEX D. GREEN, SR., if found in your county, or if he shall have fled, that you pursue after, take and safely keep him so that you have him forthwith before me to answer the Order and be dealt with according to law.

(Filing Nos. 40-8, 40-9, 40-10). The warrants state the defendant, upon arrest, must be brought before the judge "forthwith;" they do not state the officers were to prioritize Defendant Green's arrest on bench warrants for failure to pay child support and forego investigating whether he was currently engaged in felony drug trafficking.

More importantly, as previously stated, the court applies federal constitutional law, not state legislation, case law, and county judicial law or orders when deciding if evidence must be suppressed in a federal criminal case. Bell, 54 F.3d at 504. "[W]hile States are free to regulate . . . arrests however they desire, state restrictions do not alter the Fourth Amendment's protections." Virginia v. Moore, 553 U.S. 164, 176 (2008).

Defendant Green argues the LPD officers "purposely delayed execution of the arrest warrants so as to be in a position to search the vehicle in which Mr. Green was a passenger." (Filing No. 32, at CM/ECF p. 5). However, under the United States Constitution, there is no right to be arrested at the officers' earliest opportunity. "[T]he proposition that the government's allegedly 'predesigned' and 'improper' delay somehow invalidated [Green's] otherwise proper arrest[]" has

6

been rejected by the courts. United States v. DeMasi, 40 F.3d 1306, 1312 (1st Cir. 1994) (citing United States v. Watson, 423 U.S. 411, 423–24 (1976)). Subject to Fifth Amendment due process considerations which are neither argued nor potentially meritorious under the facts of this case,[2] law enforcement officials are entitled to conduct their investigations into criminal wrongdoing until they are satisfied in their professional discretion that halting the investigation is timely and appropriate. Hoffa v. United States, 385 U.S. 293 (1966); United States v. Shigemura, 682 F.2d 699, 706 (8th Cir. 1982); see also United States v. Marion, 404 U.S. 307 (1971) (holding the Sixth Amendment right to a speedy trial does not include the right to a speedy arrest); United States v. Williams, 134 F. App'x 510, 515 (3d Cir. 2005) (holding delay in executing a federal arrest warrant does not support suppression of evidence or invalidate the arrest).

### 2)    Exclusion under the Court's General Supervisory Power

Defendant Green argues that the manner of his arrest "consisted of an aggressive, multi-officer 'takedown' procedure that involved officers wearing ballistic gear with their guns drawn. This type of seizure of both Mr. Green, the driver of the vehicle in which he was a passenger, and the vehicle itself, was far beyond what was necessary to accomplish his arrest." (Filing No. 32, at CM/ECF p. 5). He argues that this overly aggressive conduct, along with the officers' conduct in failing to immediately arrest the defendant on the outstanding

---

[2] The constitutional grounds for dismissal due to alleged pre-arrest or pre-indictment delay is grounded on the Fifth Amendment, with the defendant bearing the burden of proving prejudice resulting from the delay. United States v. Lovasco, 431 U.S. 783, 792 (1977). Delaying arrest after a warrant has issued is governed by the Sixth Amendment. Barker v. Wingo, 407 U.S. 514 (1972). Even if the court assumes for the sake of argument that Defendant could successfully argue prejudicial delay in executing the state bench warrants, the result would be dismissal of the state charges, not the above-captioned federal indictment.

warrants and their alleged unlawful surveillance of the defendant in Omaha, supports suppression of the officers' observations and the evidence found when supervising the vehicle under the court's "general supervisory powers."

The court's supervisory authority "is not a form of free-floating justice, untethered to legal principle. Attempts by courts, for example, to use the otherwise broad supervisory authority as a substitute for Fourth Amendment jurisprudence, which adequately safeguards against unlawful searches and seizures, have been rejected." United States v. Ming He, 94 F.3d 782, 792 (2d Cir. 1996) (citing United States v. Payner, 447 U.S. 727, 735 (1980)). A court cannot use its general supervisory authority to bypass Fourth Amendment jurisprudence in favor of its own version of an appropriate exclusionary rule. Rather, the court's supervisory power "is to be applied with caution when the result of its application would be to exclude probative evidence." United States v. Little, 753 F.2d 1420, 1435 (9th Cir. 1984). "[T]he Court is no longer interested in using its supervisory power to exclude evidence obtained unlawfully but under circumstances not violative of the Fourth Amendment." United States v. Walker, 960 F.2d 409, 416 (5th Cir. 1992) (discussing United States v. Payner, 447 U.S. 727 (1980)). Federal courts should not use their supervisory power "'to suppress evidence tainted by gross illegalities that did not infringe the defendant's constitutional rights.'" Id. (quoting Payner, 447 U.S. at 733).

"To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." Herring v. United States, 555 U.S. 135, 144 (2009). The exclusionary rule "serves to deter deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence." Id.

Here, Defendant Green claims the LPD officers' alleged overzealous investigation methods in violation of state law and their delay in executing outstanding warrants, combined with their alleged excessive force or intimidation in effectuating Defendant's arrest, justifies suppression of evidence. First, even assuming the LPD officers were not permitted to conduct surveillance in Omaha, their act of doing so did not impose on Defendant's right of privacy or movements in any way. It is likely the defendant never knew he was being watched until after his arrest. So, the court places little or no weight on Defendant Green's claim that this alleged illegal surveillance must, in the interest of preserving justice, be deterred by imposing the exclusionary rule. And Defendant Green's claim that he should have been arrested earlier carries no weight. Any general supervisory authority over the officers' alleged failure to immediately arrest the defendant upon sight lies with the court that issued the warrants—The Lancaster County District Court.

Finally, the defendant challenges the manner of his arrest, claiming a takedown with guns drawn was unnecessary. Even assuming the officers used excessive force when arresting the defendant, "[t]he fact that a Fourth Amendment violation occurred—i.e., that a search or arrest was unreasonable— does not necessarily mean that the exclusionary rule applies." Id. at 140. The Fourth Amendment's excessive force provisions do not provide a basis for suppressing evidence. United States v. Watson, 558 F.3d 702, 705 (7th Cir. 2009) (holding that assuming approaching a vehicle with guns drawn during a traffic stop was excessive force, the exclusionary rule does not apply; excessive force during an otherwise lawful arrest does not support suppression under the Fourth Amendment); United States v. Garcia-Hernandez, 659 F.3d 108, 114 (1st Cir. 2011) (holding violation of the knock and announce rule along with the alleged "shock and awe" tactics used by law enforcement to execute a search warrant cannot support suppression of evidence); see also United States v.

Arista-Herrera, 2006 WL 680891, at *4 (D. Neb. Feb. 21, 2006) (noting the court found no reported federal cases holding that evidence must be suppressed under the Fourth Amendment where the seizure of the person was lawful, but the force used to effectuate that seizure was allegedly excessive).

The court's supervisory authority is reserved for situations in which the conduct of law enforcement agents is outrageous. United States v. Russell, 411 U.S. 423, 431–32 (1973). Assuming Defendant Green's recitation of the facts is both true and complete, the officers' conduct falls far short of outrageous conduct. The court should not suppress evidence under its general supervisory authority.

3)    Unlawful arrest.

Defendant Green claims his arrest was unlawful because the officers on the scene lacked sufficient "collective knowledge" to have probable cause to aggressively approach the Hyundai, guns drawn, to order Tiffany and Mr. Green out of the vehicle, and detain them." (Filing No. 32, at CM/ECF p. 10). Defendant Green claims the officers did not know whether the CI was reliable, and they did not communicate among themselves about their respective observations and investigative findings. As such, he argues the arresting officers lacked probable cause to arrest him.

Even assuming the arresting officers were working in a vacuum—totally disconnected from the officers observing the CI's communications with Beyer, and the officers watching the corresponding movements of Beyer and the defendant—the arresting officers were authorized to arrest the defendant. The officers did not need probable cause to believe Defendant Green was engaged in

illegal drug activity because, as Defendant Green admits, he was the subject of three outstanding arrest warrants.

Defendant Green argues that "[h]is arrest may have been authorized by the bench warrants, but the resulting seizure of the vehicle in which he was a passenger, the eventual search of it, was not supported by probable cause." (Filing No. 32, at CM/ECF p. 13). Defendant Green did not rent the vehicle; Beyer rented the vehicle and was the driver. Defendant Green was a passenger. "Generally, a mere passenger does not have standing to challenge a vehicle search where he has 'neither a property nor a possessory interest in the automobile.'" United States v. Russell, 847 F.3d 616, 618 (8th Cir. 2017) (holding defendant lacked standing to challenge the search of a vehicle rented and driven by his girlfriend); United States v. Green, 275 F.3d 694, 698–99 (8th Cir. 2001) (holding defendant, a passenger, lacked standing in a car driven by another).

Moreover, under the "automobile exception" to the warrant requirement, "an officer who has lawfully stopped a vehicle can search the vehicle without a warrant if the officer has probable cause." United States v. Beard, 708 F.3d 1062, 1065 (8th Cir. 2013). The presence of marijuana in a vehicle provides probable cause to search that vehicle. United States v. Williams, 2020 WL 1779460, at *2 (8th Cir. Apr. 9, 2020). And according to the defendant's factual recitation, at the time of arrest, Beyer told the officers that there was a marijuana blunt in the vehicle. The officers therefore had probable cause to seize and search the Hyundai.

For all the foregoing reasons, the court should deny Defendant Green's motion to suppress in its entirety and without a hearing.

Motion for Identity of Confidential Informant
([Filing No. 35](#))

Defendant Green seeks the identity of the CI, arguing the CI is a transactional witness whose identity is essential to a fair determination in this case. The government objects to disclosure, stating disclosure is not necessary because the defendant was charged with possession with intent to distribute a controlled substance, and those charges arise from the search of the vehicle he occupied. ([Filing No. 41](#)).

The defendant bears the burden of showing that his need for disclosure of the confidential informant's identity outweighs the government's privilege to withhold that information. United States v. Lapsley, 263 F.3d 839, 841 (8th Cir. 2001). The defendant can satisfy this burden by showing that disclosure is relevant and helpful to his defense or essential to a fair trial. The government's privilege to withhold the identity of confidential informant is not absolute. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused or is essential to a fair determination of a cause, the privilege must give way." Id. (quoting Roviaro v. United States, 353 U.S. 53, 60-61 (1957)).

When deciding whether the confidential informant's identity must be disclosed, the court considers factors such as the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors in determining whether, on balance, the defendant's need for disclosure outweighs the public's interest in maintaining the confidentiality of informants. Carpenter v. Lock, 257 F.3d 775, 779 (8th Cir. 2001) (citing Roviaro, 353 U.S. at 60-61). The threshold issue is whether the informant is a material witness. Disclosure of the confidential informant is not mandated unless it is vital

to a fair trial. Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense. Carpenter, 257 F.3d at 779 (internal citations and quotations omitted). However, the government is not required to disclose informants "who merely convey information to the government but neither witness nor participate in the offense." United States v. Harrington, 951 F.2d 876, 878 (8th Cir. 1991).

Defendant Green is charged with possession with intent to distribute a controlled substance in violation of Title 18, United States Code Section 841(a)(1) and (b)(1). The government argues that it is not alleging a conspiracy to sell or an actual sale of a controlled substance. So, the evidence supporting this case arises from the vehicle search, and the CI was not present at the stop, search, or seizure. The government explains that as to the charges alleged, the CI merely conveyed information to law enforcement that the vehicle occupied by Defendant Green and Beyer would contain a kilogram of cocaine.

Based on the information before the court, the defendant has failed to show that any government informant witnessed or actively participated in the transactions underlying the crime charged. The government will not, and for the possession crime charged need not, call any informant as a witness at trial. The government will instead rely on the property found in the vehicle.

"In order to override the government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991) (holding the government need not disclose the identity of a CI who alerted police that the defendants were offering crack cocaine for sale where the government charged possession with intent to deliver, intended to prove this charge based on evidence found during a search

of Defendant's residence, and the government was not calling the CI as a witness). The defendant has failed to make a threshold showing that any informant in this case possesses information material to the claims and defenses to be raised at trial.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to suppress filed by the defendant (Filing No. 31) be denied in its entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED:

1)    Defendant Green's motion for identity of the government's confidential informant, (Filing No. 35), is denied.

2)    A telephonic conference is set before Cheryl R. Zwart, United States Magistrate Judge, at 11:00 a.m. on **June 2, 2020**, to discuss the status of case preparation and a trial date. The defendant, defense counsel, and counsel for the government shall participate. Conferencing instructions will be separately filed under restricted access.

Dated this 27th day of April, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge