IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>ALEX DUNTE GREEN,<br><br>                Defendant. | 4:20-CR-3008<br><br>TENTATIVE FINDINGS |

      The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected to the presentence report. Filing 153.

      IT IS ORDERED:

1.     The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)     give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)     resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

- (c) impose upon the United States the burden of proof on all Guidelines enhancements;

- (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

- (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

- (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected to the presentence report in several respects. Filing 153.

   First, the defendant objects to the presentence report's failure to list Tiffany Beyer as a co-defendant. Filing 153 at 1. But Beyer isn't a co-defendant because she was charged in a separate but related case, which the presentence report accurately states. The Court understands the defendant's objection to be intended to draw attention to the sentencing disparity between the defendant and Beyer for what the defendant says is essentially the same conduct. *See* filing 153 at 1-3. The Court has presided over trials and sentencings for defendants who were part of far more complicated and far-flung enterprises than this one, and is well-practiced at making appropriate comparisons among the different participants, regardless of whether they were charged in the same case.

So, the Court will take the defendant's underlying argument into account—but his objection, on this point, will be overruled.

Next, the defendant objects to the inclusion of certain drug quantities because, he says, the conduct is unrelated and the weights are either speculative or unreliable. Filing 153 at 4. The defendant concedes, however, that not enough weight is objectionable to affect the Guidelines calculation. Filing 153 at 4. The government, for its part, disagrees that the objected-to weight is unreliable, but says it doesn't intend to adduce supporting evidence because the Guidelines range would be the same regardless. Filing 150 at 5.

If the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Specifically, the government bears the burden to prove drug quantity by a preponderance of the evidence. *United States v. Young*, 689 F.3d 941, 945 (8th Cir. 2012). So, given that the government doesn't intend to adduce evidence, the Court will tentatively sustain the defendant's objection in this regard. But the Guidelines calculation will remain unaffected.

Finally, the defendant objects to the presentence report's failure to recommend a sentence of 87 months' imprisonment, given that the presentence report found no basis for a departure or variance and 87 months' imprisonment is the only sentence the Court can impose that's consistent with both the Guidelines calculation and the parties' Rule

       11(c)(1)(C) plea agreement. Filing 153 at 4. The Court notes, however, that under its rules, the probation officer's sentencing recommendation isn't supposed to be in the presentence report—it is, rather, submitted separately. *See* NECrimR 32.1(b)(8). The Court will, therefore, overrule the defendant's objection to the presentence report—the defendant may, if necessary, present argument with respect to the probation officer's sentencing recommendation (which has not been made yet) at the sentencing hearing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 29th day of September, 2021.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge