IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:20-CR-3008 |
| vs. | |
| ALEX DUNTE GREEN, | MEMORANDUM AND ORDER |
| Defendant. | |

The defendant has filed a *pro se* motion to withdraw his plea on the grounds that it was involuntary (filing 146), another *pro se* motion to withdraw his plea alleging ineffective assistance of counsel (filing 155), and a motion to discharge his counsel (filing 158). The Court will deny the defendant's motions to withdraw his plea, but for the reasons that follow will take up at sentencing whether to permit him to discharge his counsel and proceed *pro se*.

BACKGROUND

For all three motions, however, it is important to understand the events of this case. An abridged timeline of the proceedings follows:

**1/23/2020:** The defendant was indicted on one count of possessing cocaine with intent to distribute it, having previously been convicted of a serious drug felony. Filing 1.

**1/28/2020:** The defendant makes his initial appearance and the federal public defender is appointed to represent him. Filing 15.

| | |
|---|---|
| **2/18/20:** | The federal public defender moves to withdraw on the basis that the defendant became hostile, aggressive, and profane toward him. Filing 20. |
| **2/20/20:** | The Magistrate Judge grants the public defender's motion to withdraw and appoints CJA counsel to represent the defendant. Filing 25. |
| **3/9/20:** | CJA counsel Greg Damman appears. Filing 27. |
| **3/31/20:** | Damman files a motion to suppress on the defendant's behalf, challenging law enforcement's probable cause to arrest him and search him incident to that arrest. Filing 31; filing 32. |
| **4/27/20:** | The Magistrate Judge recommends denial of the motion to suppress. Filing 46. |
| **5/12/20:** | Damman objects to the findings and recommendation on the defendant's behalf. Filing 50. |
| **5/28/20:** | The Court overrules the objection, adopts the findings and recommendation, and denies the motion to suppress. Filing 53. |
| **6/15/20:** | The defendant sends a *pro se* letter to Damman and the Court "on 'systemic racism'" complaining about what he believed to be disparate treatment of co-conspirator Tiffany Beyer and demanding that Damman investigate all misconduct of which the arresting officers had been accused, and asserting that his due process and Eighth Amendment rights had been violated. Filing 58. The defendant's letter is construed as a motion and was denied by the Court. Filing 59. |
| **7/28/20:** | The defendant files a *pro se* motion to dismiss asserting that because he had been denied standing to raise a Fourth Amendment objection to evidence found in a vehicle that he |

|  | |
|---|---|
| | neither owned nor rented, then he could not be criminally charged based on that evidence either. Filing 60. The motion is denied because it "lacks merit and borders on the frivolous." Filing 61. |
| **10/14/20:** | The defendant files a *pro se* motion to discharge counsel claiming (among other things) ineffective assistance of counsel and "counsel does not have defendant's best interests at heart." Filing 95 at 1. The defendant contends (erroneously) that counsel had not filed any motions on his behalf, and complaining that others in jail with him had been admitted to halfway houses and treatment. Filing 95 at 6. Defendant accuses counsel of working for the prosecution and trying to "rail-road" him. Filing 95 at 6. Damman moves to withdraw, explaining that the issues raised in the defendant's *pro se* motion had been the subject of "loud, profane, aggressive, and argumentative demands of counsel to follow his directions." Filing 96 at 1. Damman also explains that the defendant had been abusive to his staff, and that: |

> [the defendant] refuses to consider counsel's advice about the proper trial strategy for his case and, when given information about the nature of the evidence that will likely be presented at his jury trial, [the defendant] becomes irate, accuses counsel of not properly representing him, and demands that counsel take action in his case that counsel deems to be frivolous or poor trial strategy.

Filing 96 at 2.

**10/27/20:** Retained counsel Timothy Noerrlinger appears on the defendant's behalf. Filing 100.

**10/28/20:** The Magistrate Judge grants Damman's motion to withdraw. Filing 101.

**3/12/21:** Noerrlinger moves to withdraw on the basis of a recently disclosed conflict of interest. Filing 113.

**4/5/21:** The Magistrate Judge grants Noerrlinger's motion to withdraw and appoints CJA counsel Peder Bartling to represent the defendant. Filing 114. But the Magistrate Judge cautions:

> [The Defendant] is not Mr. Bartling's only client. If Mr. Bartling is unable to answer when [the defendant] calls, or if [the defendant] is otherwise disappointed with his access to Mr. Bartling or with the legal advice or communications received, [the defendant] is not permitted to berate Mr. Bartling, his staff, or others in his office by using crude, profane, racist, sexist, and highly offensive language. [The defendant] is not permitted to attempt to intimidate Mr. Bartling, and he cannot engage in or threaten physical force or attacks. Any further offensive and/or threatening antics by [the defendant] may result in a finding that he has forfeited his right to counsel.

Filing 114 at 1.

**7/14/21:** Pursuant to a plea agreement, the defendant pleads guilty to an information charging him with possession of a mixture or substance containing cocaine with intent to deliver. *See* filing 144.

|            | The defendant testifies, under oath, that he is satisfied with Bartling's representation. Filing 144 at 3, 9. The Magistrate Judge finds that the plea was knowing, intelligent, and voluntary. Filing 140 at 1. |
|---|---|
| **8/2/21:** | The Court adopts the Magistrate Judge's findings and recommendation and accepts the defendant's plea. Filing 145. |
| **9/7/21:** | The defendant files a *pro se* motion to withdraw his plea, claiming that he was coerced into pleading guilty by the Magistrate Judge. Filing 146. |
| **9/29/21:** | The defendant files another *pro se* motion to withdraw his plea, this time claiming (among other things) ineffective assistance of counsel and "counsel does not have defendant's best interests at heart." Filing 155 at 2. He claims (erroneously) that he has had "six lawyer's [sic] during this whole process, which do [sic] to this issue I've never been able to be represented right, it's all been in piece's here and their [sic]." Filing 155 at 4. The defendant also specifically claims that the bench warrant pursuant to which he was arrested—for non-payment of child support—was invalid because according to the revised presentence report he's not required to pay child support. Filing 155 at 5-6. |
| **9/20/21:** | The defendant files a *pro se* motion to discharge Bartling, raising the same grievances as before. Filing 158 at 1. The defendant claims that counsel "eirther [sic] don't [sic] care or is working with the Assistant U.S. Attorney." Filing 158 at 2. The defendant complains that his constitutional rights were violated by his arrest because a warrant should never have been issued and that counsel didn't raise that issue. Filing 158 at 2-3. |

DISCUSSION

There is an overall theme to the sequence of events described above: the defendant has theories about his case, most of which lack legal merit. But anyone who tries to tell him that is either subjected to abuse or accused of conspiring against him. There is no basis for any of those accusations, and the defendant's mistaken beliefs about the law are no basis to permit withdrawal of a plea that the Court has already found was knowing and voluntary.

MOTIONS TO WITHDRAW PLEA

A defendant may withdraw a plea after the Court accepts it, but before imposing sentence, if the defendant can show a fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *see United States v. Osei*, 679 F.3d 742, 746 (8th Cir. 2012). The defendant bears the burden of showing a fair and just reason for withdrawal. *Id.*

And even if the defendant shows a fair and just reason for withdrawal, the Court must consider other factors before granting the motion, such as whether the defendant asserts his innocence of the charge, the length of time between the plea and the motion to withdraw it, and whether the government will be prejudiced if the Court grants the motion. *United States v. McHenry*, 849 F.3d 699, 705 (8th Cir. 2017). But while a defendant seeking to withdraw a plea before sentencing is given a more liberal consideration than someone seeking to withdraw a plea after sentencing, there is no absolute right to withdraw a plea before sentencing. *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997); *see Osei*, 679 F.3d at 746. Rule 11 proceedings are not an exercise in futility, and a plea is a solemn act not to be disregarded because of belated misgivings. *See Osei*, 679 F.3d at 746-47.

And here, there is no indication in the record of a fair and just reason to allow the defendant to withdraw his plea. *See id.* at 747. To begin with, the

defendant's first motion asserts that the Magistrate Judge was "forcing" him into a plea and trying to "coerce" him. Filing 146 at 1. The record shows otherwise. The part of the change of plea hearing that the defendant is complaining about was when the Magistrate Judge confirmed the factual basis for the plea: the defendant said he "[felt] like you're just leading me in to saying some stuff." Filing 144 at 21. But as the Magistrate Judge explained, she was simply reading through the factual basis for the plea and asking the defendant whether he was admitting it. *See* filing 144 at 21-22. Nothing in the change of plea indicates that the Magistrate Judge was pressuring the defendant into a plea—in fact, to the contrary, the reason for repeatedly asking him to confirm his plea was to give him every opportunity to dispute the facts or change his mind. *See* filing 144.

The record also refutes any claim of ineffective assistance of counsel. The defendant is specifically complaining now about the warrants pursuant to which he was arrested, but that was the subject of a motion to suppress that the Court denied. There was nothing more for counsel to do about that. And the defendant's apparent belief that it's legally relevant whether he was required to pay child support is simply mistaken. *See* filing 155 at 5.

To start with, while the revised presentence report stated that "the defendant is not required to pay child support," the *updated* revised presentence report explains—correctly—that the defendant is subject to four separate Lancaster County District Court child support orders. Contrary to the defendant's suggestion, his counsel *did* investigate his claims regarding child support, and found that they lacked a factual basis. And even if the defendant wasn't obliged to pay child support, it wouldn't matter—even if bench warrants for non-payment had been issued in error, the officers who arrested him were

entitled to rely on those active warrants in good faith. *See Herring v. United States*, 555 U.S. 135, 142 (2009); *Arizona v. Evans*, 514 U.S. 1, 14-16 (1995).

The defendant also complains more generally about his counsel and the fact that he's had multiple attorneys. Filing 155 at 4. But except for one lawyer, who had a conflict of interest, it's the defendant who's responsible for having his lawyers repeatedly replaced. And despite that, there's absolutely no basis in the record to find ineffective assistance of counsel. So, there's also no basis to find a fair and just reason for the defendant to withdraw his plea.

### MOTION TO DISCHARGE COUNSEL

For similar reasons, there's no basis to conclude that new counsel should be appointed to represent the defendant (if, indeed, a willing lawyer could be found at this point). To have new counsel appointed, the defendant must show "justifiable dissatisfaction" with his attorney, which can arise from irreconcilable conflict, a complete breakdown in communication, or any other factor interfering significantly with an attorney's ability to provide zealous representation. *United States v. Taylor*, 652 F.3d 905, 908 (8th Cir. 2011). But the defendant's right to counsel does not involve the right to a meaningful relationship between an accused and his counsel, so frustration with appointed counsel's performance or disagreement with counsel's tactical decisions is not justifiable dissatisfaction. *Id*. Instead, the focus in evaluating claims of dissatisfaction with counsel is on the quality of advocacy. *Id*.

And here, as described above, there is no reason to question the quality of counsel's advocacy on the defendant's behalf. The defendant's dissatisfaction is explained by counsel's failure to pursue issues that the defendant apparently believes are important, see filing 158 at 1-3, but which have no legal merit and will not help him in his defense. That is hardly justifiable, and no basis to appoint yet another lawyer for the defendant to be unhappy with.

But a defendant's right to counsel also includes the right to conduct his own defense, if his waiver of the right to appointed counsel is knowing and voluntary. *Id*. at 109. And if a defendant's counsel is competent (as the defendant's certainly is) and the defendant cannot establish good cause entitling him to appointment of new counsel (as the defendant cannot) then his waiver of counsel may be deemed voluntary. *Id*. A persistent, unreasonable demand for dismissal of counsel and appointment of new counsel may be the functional equivalent of a knowing and voluntary waiver of counsel, and in such an instance the Court may proceed with the defendant representing himself. *Id*.

It is not clear from the defendant's motion whether he is requesting appointment of new counsel: he apparently wants his present counsel discharged, but neither requests appointment of new counsel nor asserts his right to self-representation or intent to proceed *pro se*. *See* filing 158. It is, therefore, necessary for the Court to clarify on the record what, exactly, the defendant wants. But to be clear: no new counsel will be appointed to represent the defendant—his choices are to be represented at sentencing by his present counsel, or to represent himself at sentencing. Either way, the defendant will be sentenced pursuant to the sentencing schedule (filing 141).

IT IS ORDERED:

1. The defendant's first *pro se* motion to withdraw his plea (filing 146) is denied.

2. The defendant's second *pro se* motion to withdraw his plea (filing 155) is denied.

4:20-cr-03008-JMG-CRZ Doc # 161 Filed: 10/14/21 Page 10 of 10 - Page ID # 497

3. The defendant's motion to discharge his counsel (filing 158) will be ruled on at sentencing.

Dated this 14th day of October, 2021.

BY THE COURT:

*John M. Gerrard* (signature)

John M. Gerrard
United States District Judge

- 10 -